**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, | ) ) |
| Plaintiff, | ) |
| vs. | ) ) 3:15-CV-459-DJH |
| LOUISVILLE GAS AND ELECTRIC COMPANY, and LG&E AND KU ENERGY LLC, | ) ) ) ) |
| Defendants. | ) |

<u>COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF</u>

Plaintiff, Hartford Accident and Indemnity Company ("Hartford") by and through its attorneys, Hall Render Killian Heath & Lyman, P.S.C., and for its Complaint for Declaratory Judgment and Other Relief against Defendants Louisville Gas and Electric Company ("LG&E"), and LG&E and KU Energy LLC (f/k/a E.ON U.S. LLC) ("E.ON") alleges as follows.

NATURE OF ACTION

1. Hartford seeks a declaratory judgment as to Hartford's rights and obligations, if any, to defend and/or indemnify Defendant LG&E and Defendant E.ON in connection with an underlying lawsuit brought against LG&E by Craig King individually and on behalf of the estate of Mary King, now pending in the Circuit Court of Jefferson County, Kentucky ("Underlying Lawsuit").

PARTIES

2. Plaintiff Hartford is a Connecticut corporation whose principal place of business is in Connecticut.

3. On information and belief, Defendant LG&E is a Kentucky corporation whose principal place of business is in Louisville, Kentucky.

4. On information and belief, Defendant E.ON is a Kentucky limited liability company whose principal place of business is in Kentucky. On information and belief E.ON's member is PPL Corporation, a Pennsylvania corporation whose principal place of business is in Pennsylvania.

## JURISDICTION & VENUE

5. Jurisdiction is proper in this Court, pursuant to under 28 U.S.C. § 1332(a), because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District, pursuant to 28 U.S.C. §1391(b)(1) and (2) because Defendant LG&E resides in this District and all Defendants reside in Kentucky, and because Hartford's claim arises out of the policies of insurance as hereinafter alleged and the said policies of insurance were delivered in this District to Defendant LG&E, alternatively, venue is proper in this District pursuant to 28 U.S.C. §1391(b)(3) because Defendant LG&E is subject to the court's personal jurisdiction in this District with respect to the instant suit.

## UNDERLYING LAWSUIT

7. On or about January 16, 2014, a complaint naming Craig King as plaintiff and naming Louisville Gas and Electric Company (Defendant LG&E herein) and E.ON U.S. Services, Inc. (Defendant E.ON herein or an affiliate of Defendant E.ON), among others as defendants, was filed in the Circuit Court of Jefferson County Kentucky under docket No. 14CI00274 ("Underlying Lawsuit").

8. The Underlying Lawsuit as amended during or about February 2014 and/or thereafter alleges that the Plaintiff's decedent Mary King was exposed to asbestos fibers that were brought home on her father's clothing during the time her father worked for Defendant

LG&E, that the Plaintiff's decedent became injured, that the Plaintiff's decedent died during January 2013 as a result of exposure to asbestos, and that the Defendants named therein (including Defendant LG&E and Defendant E.ON or its affiliate) are legally liable to pay damages and for other relief as prayed for therein.

## THE HARTFORD POLICIES

9. Hartford issued or is alleged to have issued the following insurance policies to LG&E:

| Policy No. | Policy Period |
|---|---|
| 33 MNS A14701 | 01/01/68 – 01/01/71 |
| 33 MNS A14702E | 01/01/71 – 01/01/73 |
| 33 MNS A14713E | 01/01/73 – 01/01/75 |

10. On or about November 2010, Hartford, LG&E, and E.ON ("Parties") entered into a certain "Alleged Policy Agreement and Release" ("Alleged Policy Agreement") which provides in part that the relationship between the Parties with respect to an alleged third-party general liability insurance policy No. 33 MNS A14700 for policy period January 1, 1966 to January 1, 1968 is now governed solely by the terms of the Alleged Policy Agreement.

11. Collectively the three insurance policies referenced in Paragraph 9 of this Complaint and the Alleged Policy Agreement, are referred to hereinafter as the "Hartford Policies."

12. The Hartford Policies are subject to their respective terms, conditions, limitations, and/or exclusions, including any deductibles, self-insured retentions, or retrospective premiums.

FACTUAL ALLEGATIONS

13. Hartford was provided notice of the Underlying Lawsuit and by letter dated December 17, 2014, reserved its rights under the Hartford Policies as to the Underlying Lawsuit.

14. By letters dated April 24, 2015 and May 28, 2015, Defendant E.ON on behalf of LG&E, disagreed with the grounds for Hartford's reservation of rights under the Hartford Policies as to the Underlying Lawsuit, and demanded that Hartford pay the entire defense and settlement and/or indemnity costs incurred in connection with the Underlying Lawsuit.

15. LGE's demand that Hartford pay the entire defense and/or indemnity costs incurred in connection with the Underlying Lawsuit is contrary to the facts alleged in the Underlying Lawsuit and applicable law. *See e.g., Aetna Cas. & Sur. Co. v. Commonwealth*, 179 S.W.3d 830 (Ky. 2005); *Insurance Co. of North America v. Forty-Eight Insulations, Inc.*, 633 F.2d 1212 (6th Cir. 1980), clarified, 657 F.2d 814 (1981), cert. denied, 454 U.S. 1109 (1981).

16. By reason of the foregoing, an actual controversy exists among Hartford and the Defendants as what extent, if at all, the Defendants are entitled to defense and/or indemnity under the Hartford Policies for the Underlying Lawsuit. Accordingly, this Court has the power, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, to declare the rights and responsibilities of the parties, and to award such other and further relief as may be warranted under the circumstances.

COUNT I--NO DUTY TO DEFEND OR INDEMNIFY

17. Hartford incorporates by reference Paragraphs 1 through 16 above as if set forth here in full.

18. Hartford requests that the Court determine and declare Hartford's rights and obligations, if any, to pay defense costs and/or indemnity costs for the Underlying Lawsuit under

the Hartford Policies in light of the following facts and circumstances which may apply to one or more of the Hartford Policies:

    (A)    Defendant E.ON does not qualify as an "insured" under The Hartford Policies;

    (B)    The allegations of the Underlying Lawsuit do not allege damages caused by an occurrence as that term is defined by certain of the Hartford Policies;

    (C)    The allegations of the Underlying Lawsuit allege coverage for damages because of bodily injury, sickness or disease caused by an accident occurring outside the policy period of the Hartford Policies;

    (D)    The Hartford Policies provide that if the insured has other insurance against a loss, Hartford shall not be liable for a greater proportion of such loss than the applicable limit of liability stated in the declarations of the Hartford Policies bears to the total applicable limit of all valid and collectible insurance against such loss;

    (E)    Unless divisible, any alleged damages resulting from the Underlying Lawsuit must be spread across all applicable policy periods on a pro rata by time on the risk basis;

    (F)    The allegations of the Underlying Lawsuit may allege bodily injury that an insured became aware occurred, or began to occur, prior to the policy period of the Hartford Policies, and there is no coverage for any such known loss under the Hartford Policies;

    (G)    Hartford has no obligation for which the insured, or any carrier as its insurer, may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law, and there is no coverage for the Underlying Lawsuit to the extent that it comes within the foregoing exclusion;

    (H)  Hartford has no obligation for bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured, and there is no coverage for the Underlying Lawsuit to the extent that it comes within the foregoing exclusion;

    (I)  The Hartford Policies do not provide coverage for any voluntary payment, assumed obligation or any other amounts incurred without the consent or approval of Hartford;

    (J)  Hartford has no obligation under the Hartford Policies to the extent that Hartford's consent was not obtained for any assignment of interest under the Hartford Policies and/or to the extent there was an invalid assignment of interest under the Hartford Policies;

    (K)  Coverage under the Hartford Policies may be barred, in whole or in part, to the extent that an insured and/or person having a duty to cooperate under an agreement breached its duty to cooperate;

    (L)  There is no coverage under the Hartford Policies for punitive damages, fines, penalties or other similar exemplary relief alleged and sought in the Underlying Lawsuit;

    (M)  The Defendants' assertions and/or claims fail to set forth the factual basis for the assertions and/or claims with sufficient particularity to permit Hartford to raise all applicable and available defenses, and therefore Hartford reserves its rights to amend and/or supplement this Complaint when and if such information is ascertained.

  Wherefore Hartford prays for Judgment under Count 1:

  A.  Declaring there is no coverage for Defendants LG&E and E.ON under the Hartford Policies for the Underlying Lawsuit.

B. Declaring Hartford has no obligation to defend, reimburse defense costs, or indemnify Defendants LG&E and/or E.ON under the Hartford Policies for the Underlying Lawsuit.

C. Providing such other and further relief as the Court deems just, equitable and proper.

COUNT II—APPORTIONMENT OF LIABILITY (Alternative Relief)

19. Hartford incorporates by reference Paragraphs 1 through 18 above as if set forth here in full.

20. To the extent this Court rules that Hartford has any obligations to the Defendants in connection with the defense and/or indemnity of the Underlying Lawsuit, Hartford requests that the Court determine and declare appropriate apportionment of defense and indemnity costs among the Hartford Policies, the insureds, and any and all other responsive policies of insurance.

Wherefore Hartford prays for Judgment under Count 2 (in the alternative):

A. Declaring an appropriate apportionment of defense and indemnity costs among the Hartford Policies, the insureds, and any and all other responsive policies of insurance;

B. Providing such other and further relief as the Court deems just, equitable and proper.

Dated: June 8, 2015

Respectfully Submitted,

HARTFORD ACCIDENT AND INDEMNITY COMPANY

  /s/  Gerald L. Stovall
Gerald L. Stovall
Brian A. Veeneman
Hall, Render, Killian, Heath & Lyman, P.S.C.
614 West Main Street, Suite 4000
Louisville, Kentucky  40202-4267
Tel:  (502) 568-1890
Fax:  (502) 568-4878
gstovall@hallrender.com
bveeneman@hallrender.com

Attorneys for the Plaintiff,
Hartford Accident and Indemnity Company

Dated: June 8, 2015

Respectfully Submitted,

HARTFORD ACCIDENT AND INDEMNITY COMPANY


  /s/  Gerald L. Stovall
Gerald L. Stovall
Brian A. Veeneman
Hall, Render, Killian, Heath & Lyman, P.S.C.
614 West Main Street, Suite 4000
Louisville, Kentucky  40202-4267
Tel:  (502) 568-1890
Fax:  (502) 568-4878
gstovall@hallrender.com
bveeneman@hallrender.com

Attorneys for the Plaintiff,
Hartford Accident and Indemnity Company